# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID E. CONNOR, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-01384-SPM |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff David E. Connor, Jr.'s application to proceed in district court without prepaying fees or costs. Based on Plaintiff's financial information, the Court will grant the application. On initial review pursuant to 28 U.S.C. § 1915(e), however, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

### Standard of Review

Complaints filed in forma pauperis by a non-prisoner are subject to pre-service review pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Carter v. Schafer*, 273 Fed. Appx. 581 (8th Cir. 2008). Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements

of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Amended Complaint

Plaintiff's amended complaint is difficult to comprehend. Although he names himself as the Plaintiff in the caption, in the body of the amended complaint he lists the Plaintiffs as "citizens/civilians." Doc. 9 at 2. He sues the State of Missouri for civil rights violations, citing to many provisions of the Constitution and Bill of Rights. *See* Doc. 9 at 6-14. For example, on page 9 of the amended complaint, he states:

<u>Civil Rights</u>:
Public Acts; Domestic Violence

2

>   Levying War; Intents and Purposes
>   Contracted Engagements. Pursuance
>   Thereby; Regulated Infamous Crime
>   Inflicted, Equal Protection Liable,
>   Breach of Peace, General Welfare
>   Security Violation: United States
>   Of America Constitution
>   Amendment (1) Freedom of the Press,
>   And to petition the Government for a
>   Redress of Grievances.

*Id.* at 9.

It is not clear Plaintiff's legal theories. He states no facts to support any claim. He lists no amount in controversy and no damages, although he has underlined the phrase "punitive monetary damages" on the form complaint. *Id.* at 5.

## Discussion

To the extent Plaintiff alleges any case or controversy against the State of Missouri, his claims must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017). Furthermore, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely

monetary damages. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). Therefore, any alleged claims against the State of Missouri must be dismissed for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**.  [Doc. 7]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's motions for appointment of counsel are **DENIED** as moot.  [Docs. 2 and 6]

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 21st day of October, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE